UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ANTOINE WINN, | ) | CASE NO. 1:14cv0249 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| CUYAHOGA COUNTY SHERIFF, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Antoine Winn ("Plaintiff" or "Winn") filed the above-captioned *in forma pauperis* civil rights action against the Cuyahoga County Sheriff's Department, Sheriff Bob Reid, Ohio Department of Rehabilitations and Corrections (ODRC), ODRC Director, Cleveland Department of Public Safety, and Cleveland Mayor Frank Jackson. The Complaint was accompanied by a Motion for Appointment of Counsel (Doc. No. 4.) Two weeks after filing this action, Plaintiff filed an Amended Complaint and Supplements adding the Warden at Lorain Correctional Institution as a Defendant. (Doc. Nos. 5, 6, 7.)

Plaintiff, who was held in detention at Cuyahoga County Jail when he filed this action,[1]

---

[1] On April 3, 2014, Plaintiff advised the Court that he was released to an in patient treatment
(continued...)

complains he was held 413 days before his state trial commenced. He believes, *inter alia*, that the Defendants failed to properly credit him for this time and, thus, was falsely imprisoned. He seeks compensatory and punitive damages. For the reasons set forth below, this action is dismissed.

*Background*

It is difficult to discern the substance of Plaintiff's handwritten narrative without relying on his criminal case dockets. A review of the Cuyahoga County Court of Common Pleas website indicates Plaintiff was indicted in Common Pleas Court on May 17, 2010 and charged with three drug trafficking offenses. *See Ohio v. Winn*, No. CR-10-537728-A (Cuyahoga County Ct. Com. Pl.) Winn requested, through counsel, five pre-trial conference extensions in order to complete the discovery process. After the fifth request, Winn filed a *pro se* Motion to Deny Consent to Any [Further] Continuances.

On July 22, 2010, the State issued an arrest warrant for Winn following his indictment on charges of kidnapping, disorderly conduct and disrupting public service. *See Ohio vs. Winn*, No. CR-10-540147-A (Cuyahoga County Ct. Com. Pl.). Initially, he pleaded not guilty to the charges and was referred to the Court Psychiatric Clinic for evaluation. On October 5, 2010, Winn's case was transferred to the Mental Health Court Docket and reassigned to the docket of Judge John D. Sutula.

On November 15, 2010, Magistrate Judge George J. Limbert granted a Petition for Writ of Habeas Corpus *ad Prosequendum* in *United States v. Winn*, No.1:02-cr-00391 (N.D. Ohio

---

[1](...continued)
facility in Cleveland, Ohio.

filed Sept. 18, 2002)(Gwin, J.). Winn was summoned to appear in federal court to address charges that he violated the supervised release term imposed by Judge James S. Gwin on January 14, 2003.[2]

After Winn's appearance in federal court, he was returned to the State for his jury trial in Case No. CR-10-537728-A. The jury found him guilty of drug trafficking offenses in violation of Ohio Revised Code §2925.03 (A)(2) and drug possession in violation of Ohio Revised Code § 2925.11. *See Winn*, No. CR-10-537728-A. On March 1, 2012, Judge Sutula imposed a sentence of 8 months in prison at Lorain Correctional Institution, with post release control for up to 3 years. The judge granted Winn jail time credit for 385 days and declared his sentence complete on the date it was imposed and ordered his immediate release from state custody.

On the same date Winn's sentence was imposed in Case No. CR-10-537728-A, he pleaded guilty to disorderly conduct in Case No. CR-10-540147-A. He was sentenced to 6 months in prison, but received jail credit for 385 days and was released for time served.

Winn appeared in federal court on March 20, 2012 and admitted to violations of his supervised release. He was ordered detained and remanded to the custody of the U.S. Marshal, pending sentencing before Judge Gwin. On April 18, 2012, Judge Gwin adopted the Magistrate's Report and Recommendation finding Winn violated the conditions of his supervised release. He also committed Winn to the Bureau of Prisons (BOP) for a term of 14 months with credit for time served. (Doc. No. 55).

The State court dockets reveal Plaintiff filed a *pro se* Notice "For The Adjustment in the

---

[2]In 2002, Winn pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1). *See Winn*, No.1:02-cr-00391. On January 14, 2003, Judge James S. Gwin sentenced him to serve 77 months in prison, followed by three years of supervised release.

Journal Entry of Corrected Jail Time Credit" in each of his criminal cases on June 6, 2012. The docket does not show any ruling on these pleadings.

On August 3, 2012, Winn's attorney filed a Motion for Clarification of Sentence in federal court. *See Winn,* No.1:02-cr-00391 (Doc. No. 57). Judge Gwin granted the Motion, finding:

> After hearing arguments from Counsel, this Honorable Court agreed with Counsel for the Defendant and imposed a sentence of 14 months with credit for all state time served that he was not given credit for. Essentially, the Defendant should have been released shortly after his sentencing hearing.

(Doc. No. 58). BOP records confirm Winn was released from prison on August16, 2012.

Winn now seeks damages for prison time he served that he claims was beyond the sentences imposed by the State of Ohio. Although it is difficult to discern the substance of Winn's other civil rights claims, it is abundantly clear he believes he has a Constitutional claim based on false imprisonment.

## *Standard of Review*

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court must dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[3] *Neitzke v. Williams*, 490 U.S. 319 (1989);

---

[3]A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir.

(continued...)

*Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. §1915(e).

*Discussion*

The Complaint and supplements reveal Plaintiff is alleging his rights to due process and equal protection were violated and he was denied access to the courts.

The due process allegations are based on his claim that the State failed to respond to his requests for jail credit. Even though the docket reflects that the State granted him jail credit, Winn still believes he was falsely imprisoned and is entitled to recover damages for the "99 days" he was unable to engage in his business as a street vendor, at a rate of $175.00 per day.

Winn advances his equal protection claim based on the theory that the Defendants willfully miscalculate jail credit for African American inmates at a disproportionately higher level compared to Caucasian inmates. He argues further that the living conditions in the County jail violate fire code regulations because there are no sprinklers or smoke detectors within each prisoner's cell. He does not allege he suffered any injury resulting from these alleged deficiencies, but asserts the Director of the ODRC and County Sheriff are liable for false imprisonment under hazardous conditions.

Finally, Winn argues he was denied access to the courts on September 23, 2010. A parcel of legal mail was delivered to his cell on that date, which he later discovered did not belong to him. Beyond these facts, it is difficult to apprehend the underlying basis for his

---

[3](...continued)
1985).

remaining arguments.

To prevail in a civil rights action under 42 U.S.C. §1983, a plaintiff must plead and prove that the defendants, acting under color of state law, deprived the plaintiff of a right secured by the Constitution and law of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 alone creates no substantive rights;  rather it is the means through  which a plaintiff may seek redress for deprivations of rights established in the Constitution or federal laws. *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979). The statute applies only if there is a deprivation of a constitutional right. *See e.g., Paul v. Davis*, 424 U.S. 693, 699-701(1976); *Baker*, 443 U.S. at 146-47. Thus, "[t]he first inquiry in any § 1983 suit ... is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws'" of the United States. *Baker*, 443 U.S. at 140.

**A. Due Process Violation**

The Fifth Amendment, in relevant part, prohibits the "deprivation of life, liberty, or property, without due process of law." U.S. CONST. AMEND. IV. The Fourteenth Amendment requires states to grant individuals due process of law. *See* U.S. CONST. AMEND. XIV, § 1. Winn appears to claim the state court ignored a Notice he filed *pro se* in State court "For The Adjustment in the  Journal Entry of Corrected Jail Time Credit."  At the time he filed the Notice, he was no longer in exclusive state custody, however.

Whenever a prisoner challenges the "legality or duration" of his confinement, that claim must be raised in a habeas corpus proceeding. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  As with any habeas petition, the petitioner must be held "in custody" at the time the petition is filed. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

If Plaintiff believes he was held illegally, he needed to challenge that detention in a habeas petition. Even if the Court liberally construed the jail time credit Notice he filed in State court as a habeas petition, he filed it after he was already released from State custody. Thus, any argument that the State was holding him illegally was negated by the fact that he was not in state custody when he filed the Notice. *See Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494-95(1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.").

Although *pro se* parties are entitled to greater leniency, they are still required to satisfy basic pleading standards. "Arguably, hanging the legal hat on the correct peg is such a standard, and '[l]iberal construction does not require a court to conjure allegations on a litigant's behalf." *Id*. (quoting *Erwin v. Edwards*, 22 Fed. Appx. 579, 580 (6th Cir.2001) (dismissing a § 1983 suit brought as a § 2254 petition.)). Winn cannot argue the Defendants violated his Constitutional right to due process without establishing that he was deprived of a liberty interest. Any pleading filed after his release from prison which challenges the length of his confinement, does not encompass a federal issue over which this Court has jurisdiction.

**B. Equal Protection and Access to the Courts**

Winn's allegations that his Equal Protection rights were violated, along with his right to access the courts, do not have merit. The Equal Protection Clause prohibits discrimination by government actors which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference. *Rondigo, L.L.C. v. Township of Richmond*, 641 F.3d 673, 681 -682 (6th Cir. 2011); Radvansky v. *City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir.2005). The threshold element of

an equal protection claim is disparate treatment. *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir.2006).

The Court has already noted that Plaintiff failed to establish he was denied jail credit prior to filing this action. Because he uses this conclusion to support his claim of disparate treatment in violation of the Equal Protection clause, the allegation cannot survive because his claimed injury is speculative. The Constitution limits the jurisdiction of federal courts to actual "Cases" and "Controversies." U.S. CONST. ART. III, § 2, cl. 1. To satisfy this "case-or-controversy" requirement, a plaintiff must establish a concrete injury, that is related to the conduct at issue and that the injury would be redressed by a favorable decision from the court. *Blachy v. Butcher*, 221 F.3d 896, 909 (6th Cir.2000). Without a justiciable injury, Winn's claim cannot survive. Accordingly, he cannot support a claim that the Defendants violated his right to equal protection under the Constitution.

The facts supporting Winn's access to the courts claim fail to state a claim. To set forth a valid claim, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir.2010)("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)). Winn recites brief conclusory statements that do not set forth a federal claim for relief. These legal conclusions are simply not sufficient to present a valid claim. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Moreover, this Court is not required to accept unwarranted factual inferences. *Id.*; *see Place v. Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971)

(A pleading will not be sufficient to state cause of action under Civil Rights Act if its allegations are but conclusions).

Finally, principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985).  District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Id*. at 1278.  To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id*. at 1278.  It is not the role of this Court to create a cause of action on behalf of a litigant. *Id.*

*Conclusion*

Based on the foregoing, Plaintiff's Motion to Proceed *in forma pauperis* is granted (Doc. No. 3), Motion for Appointment of Counsel is denied as **moot** (Doc. No. 4) and the Complaint is dismissed for failing to state a claim for relief pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[4]

IT IS SO ORDERED.

 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
Dated: 9/16/14                United States District Judge

---

[4]  28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."